RUCKER, Justice,
dissenting.
Although citing portions of the dissenting opinion authored by Chief Judge Vaid-ik, my colleagues here apparently distance themselves from the dissent’s actual conclusion, namely: Griesemer was “predisposed” to commit the offense. See Griesemer v. State, 10 N.E.3d 1015, 1021 (Ind.Ct.App.2014) (Vaidik, C.J., dissenting). Both the Court of Appeals majority as well as the dissent concluded that Officer McLemore induced Griesemer to commit the offense. See Id. at 1019 (Majority opinion, “Detective McLemore’s question and statements were sufficient to induce Griesemer to commit patronizing a prostitute.”); Id. at 1022 (Dissenting opinion, “I agree with the majority that Officer McLe-more induced Griesemer to commit the offense.”). The debate was joined over the question of whether Griesemer was predisposed. Here, my colleagues do not reach that issue concluding instead there was no inducement. I disagree. After Griesemer offered Detective McLemore a ride, she was the first to mention money, the first to mention performance of a sexual act, and the first to mention trading a sexual act for money. As the Court of Appeals correctly observed, under nearly identical facts a defendant was found to have “ ‘clearly established police inducement.’ ” Id. at 1018 (quoting Ferge v. State, 764 N.E.2d 268, 271 (Ind.Ct.App.2002) (declar *611 ing “[i]t is undisputed that [the officer] initiated the conversation regarding whether Ferge would be interested in fellatio for payment”)).
Because Griesemer clearly established inducement, “the burden shift[ed] ■ to the State to show the defendant’s predisposition to commit the crime.... The standard by which the State must prove the defendant’s predisposition is beyond a reasonable doubt.... If the defendant shows police inducement and the State fails to show predisposition on the part of the defendant to commit the crime charged, entrapment is established as a matter of law.” Dockery v. State, 644 N.E.2d 573, 577 (Ind.1994). Here, my colleagues’ reticence to address the issue speaks loudly and strongly suggests the State did not carry its burden of proving predisposition beyond a reasonable doubt. In my view the Court of Appeals majority got it exactly right: “Because the evidence most favorable to the State permits an inference only that the police induced Griesemer’s criminal behavior, but does not contain any evidence permitting an inference that Griesemer was predisposed to commit patronizing a prostitute, entrapment was established as a matter of law....” Griesemer, 10 N.E.3d at 1021. I therefore respectfully dissent and would reverse the judgment of the trial court.
DICKSON, J., concurs.